DAUKSCH, Judge.
This is an appeal from an order denying a foreclosure of an agreement for deed after default on payment of a note. Because we find the appellees’ defenses to be unsupported both in fact and in law, we quash the order and remand this matter for entry of judgment of foreclosure against appellees and against the real estate.
Appellant and appellees entered into a purchase and sale agreement for appellant’s property. During the negotiations, the broker who was also appellant’s father and a former owner of the property, made certain representations regarding the availability of access to the St. Johns River from the property. Because appellees owned a boat, they told the broker that they would like an easement to the river so they could have access to their boat from the property.
The evidence does not reveal as a matter of fact that the broker made a binding agreement regarding this easement and a principal-agent relationship for this purpose was not proven. The written agreement regarding the property does not contain an agreement for the conveyance of an easement. It merely says, “The purchasers request easement rights to the river.” Because the buyers’ attorney drafted the contract and because the language contained in the agreement does not constitute a binding promise on the part of the seller to convey an easement, we cannot uphold a finding that appellant breached the contract for sale and purchase.
It was not until approximately two years after the conveyance of the property that appellees stopped making payments. When enforcement and foreclosure were sought, appellees defended on the basis of fraud and misrepresentation. There was no proof by parol evidence or otherwise to show that appellant individually or through her broker promised to obtain or convey an easement. Therefore, the order is quashed and this cause remanded for entry of an appropriate judgment for appellant.
ORDER QUASHED; REMANDED.
ORFINGER and COWART, JJ., concur.